**JOHN D. SULLIVAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: John.Sullivan2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ANDREW DAVID PLENTYHAWK,**<br><br>**Defendant.** | **CR 18-71-BLG-SPW**<br><br>**OFFER OF PROOF** |

The United States, represented by Assistant U.S. Attorney John D. Sullivan, files the following offer of proof in anticipation of the change of plea hearing set in this case on September 6, 2018.

## THE CHARGES

The defendant, Andrew David Plentyhawk, has been charged by indictment in count I with second degree murder, in violation of 18 U.S.C. §§ 1153(a) and 1111, and in count II with voluntary manslaughter, in violation of 18 U.S.C. §§ 1153(a) and 1112.

## PLEA AGREEMENT

There is a plea agreement in this case. Plentyhawk will plead guilty to count II of the indictment. The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S. 133 (2012).

At the time of sentencing, the United States will move to dismiss count I of the indictment if the Court accepts the plea agreement.

## ELEMENTS OF CHARGE

In order for the defendant to be found guilty of voluntary manslaughter, in violation of 18 U.S.C. §§ 1153(a) and 1112, as charged in count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed T.B.M.;

Second, while in a sudden quarrel or heat of passion, caused by adequate provocation:

    a. The defendant intentionally killed T.B.M.; or

b. The defendant killed T.B.M. recklessly with extreme disregard for human life;

Third, the killing occurred within the exterior boundaries of the Crow Indian Reservation; and

Fourth, the defendant is an Indian person.

Heat of passion may be provoked by fear, rage, anger, or terror. Provocation in order to be adequate must be such as might arouse a reasonable and ordinary person to kill someone.

A killing is unlawful within the meaning of this instruction if it was neither justifiable nor excusable.

**PENALTY**

The charge contained in count II of the indictment carries a maximum punishment of 15 years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

**ANTICIPATED EVIDENCE**

If this case were tried in United States District Court, the United States would prove the following:

Just after midnight on June 15, 2017, multiple individuals in Crow Agency called 911 to report that an individual was lying in the street. When law enforcement and paramedics arrived, they found T.B.R. unresponsive. Efforts to resuscitate T.B.R. failed and he was declared dead on the scene. T.B.R. had

suffered a substantial amount of bleeding from his lower left side. By this time, a large contingent of people had gathered in the street, several of whom pointed out the defendant, Andrew Plentyhawk, as being responsible for T.B.R.'s death. When a law enforcement officer inquired of Plentyhawk who killed T.B.R., Plentyhawk stated, "I did" and then added, "I stabbed him, I stabbed him."

Plentyhawk later submitted to an in-custody interview with agents from the FBI and BIA. After waiving his *Miranda* rights, Plentyhawk explained how he had been drinking vodka with his girlfriend in the afternoon before the evening of the stabbing. As the pair were walking across the street to Plentyhawk's house around midnight, a vehicle pulled up and T.B.R. "called [Plentyhawk] out." T.B.R. then walked up to Plentyhawk and punched him in the ribs. In response, Plentyhawk explained that he removed a pocket knife from his right pocket and stabbed T.B.R. Plentyhawk described the knife as a black spring-loaded knife with a five to six inch blade that he had found in a park in Crow Agency. When people started congregating in the street, Plentyhawk "chucked" the knife over his house. Agents were unable to locate the knife despite an extensive effort to do so.

The postmortem examination of T.B.R.'s body was conducted later in the morning on June 15, 2017, by the Montana State Medical Examiner, Dr. Robert Kurtzman. T.B.R. suffered a single stab wound in the lower left abdomen that severed a large blood vessel and at an orientation consistent with the manner


Plentyhawk admitted to stabbing T.B.R. The incident occurred in Crow Agency, within the exterior boundaries of the Crow Indian Reservation, and Plentyhawk is an enrolled member of the tribe.

DATED this 21st day of August, 2018.

KURT G. ALME
United States Attorney

*/s/ John D. Sullivan*
JOHN D. SULLIVAN
Assistant U.S. Attorney